UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KELVIN GARCIA,<br>2249 Woodland Grove Pl.<br>Herndon, VA 20171<br><br>    *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>    *Defendant.*<br><br>    Serve:<br><br>CARL RACINE<br>Office of the Attorney General<br>400 6th St. NW<br>Washington, DC 20001 | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Comes now Plaintiff, Kelvin Garcia (hereinafter "Plaintiff" or "Mr. Garcia"), by and through undersigned counsel with this Complaint, for compensatory and injunctive relief, and states as follows:

## INTRODUCTION

Plaintiff is a Hispanic male. From 2008 to 2019, he was employed as a police officer with the District of Columbia Metropolitan Police Department (hereinafter MPD). On or about 2017 he took the promotional exam to be promoted to the rank of Sergeant. During the exam, and without any basis for his actions, a white male proctor for the exam disrupted Plaintiff and made him move from his place to a different location, implying that the proctor suspected Plaintiff of

1

cheating on the exam by reading off the answers of another officer, who was also white. At the time this occurred, Plaintiff had answered more questions on the exam than the other officer.

The intercession by the proctor, and the harsh and suspicious tone he used with Plaintiff, broke Plaintiff's concentration, embarrassed him and increased his anxiety. Plaintiff finished the exam long before the other officer, and left the testing location. The proctor, acting on nothing but baseless opinion, singled out Plaintiff's exam for analysis to see if he cheated, and sent a misleading and biased email to the testing company to analyze Plaintiff's answers. Importantly, the proctor did not send any other exams to the testing company as comparators.

Because the testing company concluded that there was a drop off in the number of correct answers after Plaintiff was moved by the proctor, the testing company concluded that Plaintiff must have been cheating off of the other officer. The testing company had no information about the distance between the two officers during the test, and had no way of knowing how Plaintiff was affected by being singled out and publicly humiliated during the exam.

Based on the analysis of the testing company, which only involved analysis of Plaintiff's exam, MPD terminated Plaintiff's employment for conduct unbecoming an officer. Plaintiff is not the only person who has been accused or found to have cheated on an exam. Plaintiff is aware of two other people who were found to have cheated on a promotional exam, and neither were terminated from their employment. Plaintiff asserts that he was terminated, despite the fact that he had no prior disciplinary history, because of racial animus against Hispanic/Latino officers, and because he was singled out for scrutiny by the proctor based on racial animus and disparate treatment.

Plaintiff now brings this case pursuant to Title VII of the Human Rights Act, 42 U.S.C. § and 2000e and the District of Columbia Human Rights Act, D.C. Code §§2-1401.01 *et seq.*,

alleging disparate treatment based on race and ethnicity, and seeks remedy in the form of compensatory and injunctive relief.

## PARTIES

1. Plaintiff is an Afro-Latino male, and resident of the Commonwealth of Virginia.

2. Defendant is a department of the District of Columbia.

## JURISDICTION AND VENUE

3. This honorable Court enjoys diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332, because all Plaintiff is residents of the Commonwealth of Virginia, and the amount in controversy is in excess of $75,000.  This Court also enjoys federal question jurisdiction over the claims of Plaintiff's claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* ('Title VII").  This Court enjoys pendant jurisdiction over all Plaintiff's state law claim.  Venue is proper in this Court because all acts and omissions in controversy took place in the District of Columbia.

## RELEVANT FACTS

4. In September of 2017, Plaintiff was amongst approximately 800 officers who sat for the MPD Sergeant's promotional exam, which was given at the District of Columbia Convention Center.

5. There were approximately 100 people serving as proctors for the exam.

6. Plaintiff was seated at a table with one other officer in the back of the testing area, near the restrooms.  People were seated approximately four to six feet apart, which was specifically designed to prevent cheating.

7. The test was a multiple choice exam with 100 questions on it. The exam was three hours long.  Plaintiff completed the exam with twenty (20) minutes to spare.

8. During the course of the exam, Plaintiff was seated to the right of officer Araz Alali (hereinafter "Officer Alali"), who is a white male.

9. Mid-way through the exam, Captain Jonathan Dorrough (hereinafter "Cpt. Dorrough"), who was a proctor for the exam, tapped Plaintiff and Officer Alali on the shoulder and told them to split apart.

10. Plaintiff was disrupted and distracted when that occurred, but he quickly complied and went back to work.

11. Approximately ten (10) minutes later, Cpt. Dorrough came back and told Plaintiff to move his seat again, which he did, to a table where he was by himself.  But by this time, Plaintiff's concentration was badly destabilized because he was so embarrassed by Cpt. Dorrough's behavior.

12. Plaintiff was on question 67 of 100 at the time.  He finished the exam, and turned it in with 20 minutes to spare.

13. Of his own volition, Cpt. Dorrough sent an email to the testing vendor, asking the vendor to look up the results of Plaintiff, but not of Officer Alali.  The vendor gave Cpt. Dorrough Plaintiff's test on or about September 30, 2017.

14. On or about October 12, 2017, Plaintiff was notified that the Internal Affairs Division (hereinafter "IAD") that he was going to be recommended for termination.

15. Plaintiff appealed the termination to no avail.

16. Plaintiff asserts that he was targeted for scrutiny during the exam because of his race and ethnicity, Hispanic, and that he was disbelieved and treated disparately because of his race and ethnicity.

17. Plaintiff also asserts that he was disciplined more harshly than similarly situated non-Hispanic officers, who were believed to have cheated on an exam.  An African American male

officer was found to have cheated on a promotional exam in 2016, but was not terminated. A white female officer was found to have cheated on a promotional exam in 2010, and was also not terminated.

18. On information and belief, termination is not the common result of cheating on a promotional exam, and Plaintiff was singled out for harsher treatment and disparate discipline because of his race and ethnicity, Hispanic.

19. Plaintiff also alleges that MPD has placed an annotation in his background report that makes it very difficult for him to obtain new employment in law enforcement.

## CLAIM

(*Violation of DCHRA, D.C. Code §§2-1401.01 et seq. –
Disparate Treatment Based on Race and Ethnicity*)

20. Plaintiff references and incorporates all factual allegations in the previous paragraphs as if fully restated herein.

21. Plaintiff is a member of a protected group, Hispanic/Latino.

22. Plaintiff was suspected of having cheated on a promotional exam, and when the investigation of the matter concluded that he had cheated, he was terminated from his employment.

23. Plaintiff can point to two non-Hispanic persons who were also caught cheating and were not terminated.

24. Plaintiff asserts that it is not common practice at MPD for those who are believed to have cheated to be terminated.

25. Plaintiff asserts that he was disciplined more harshly than others because of his race and ethnicity, Hispanic/Latino.

26. As a direct and proximate cause of his termination, Plaintiff lost wages, benefits and suffered serious damage to his reputation. He has also suffered from severe emotional distress and mental anguish.

27. Plaintiff herein seeks compensatory damages in the form of front pay, back pay, lost benefits, interest and attorney's fees of no less than $300,000. He further seeks injunctive relief reinstating him to his position at MPD, and expunging any reference to his termination from his record.

## JURY TRIAL

28. Plaintiff seeks a jury trial on all matters so triable.

Respectfully submitted,

_____/s/Pamela M. Keith
Pamela M. Keith [Bar No. 448421]
CENTER FOR EMPLOYMENT JUSTICE
650 Massachusetts Ave. NW
Suite 600
Washington, DC 20001
Tel: (202) 800-0292
Fax: (202) 807-5725
pamkeith@centerforemploymentjustice.com
*Counsel for Plaintiff*